UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
FRANKFORT

RE-BORNE, INC., )
)
    Plaintiff, ) Civ. No: 3:17-cv-00023-GFVT
)
V. )
)
PANTHER II TRANSPORTATION, ) **MEMORANDUM OPINION**
INC., ) **&**
) **ORDER**
    Defendant, )
)
V. )

STERIS CORPORATION, D/B/A
STERIS APPLIED STERILIZATION
TECHNOLOGIES,

    Third-Party Defendant.

\*\*\* \*\*\* \*\*\* \*\*\*

This matter is before the Court on Defendant Panther II's Motion to Dismiss [R. 48] and Plaintiff Re-Borne, Inc.'s Motion for Leave to File Second Amended Complaint [R. 53]. For the following reasons, Panther's Motion to Dismiss is DENIED, and Re-Borne's Motion for Leave to File Second Amended Complaint is GRANTED.

**I**

This lawsuit was initiated in Jefferson Circuit Court and removed to this Court in February, 2017. [R. 1] Plaintiff Re-Borne, Inc.'s original complaint asserted four causes of action against Defendant Panther II Transportation, Inc. *Id.* Panther filed a motion to dismiss counts I through III of Re-Borne's complaint on the grounds that they were preempted by the Carmack Amendment. [R. 5.] This Court granted that motion [R. 9], and all that remained of

the original complaint was Count IV, which alleged a violation of the Carmack Amendment. [R. 1.]

Months later, Panther II filed a Third-Party complaint against Steris Corporation, an entity tasked with the sterilization of the damaged materials which are the subject of this lawsuit. [R. 16.] Re-Borne subsequently moved for leave to file an Amended Complaint, so that they may assert claims against Steris as well. [R. 38.] The tendered Amended Complaint incorporated by reference portions of Re-Borne's initial complaint and asserted new claims against Steris not yet raised. The Court granted Re-Borne's motion for leave and the Amended Complaint was filed in the record. [R. 47.]

Panther II has moved for dismissal of Re-Borne's Amended Complaint for failure to state a claim upon which relief may be granted. [R. 48.] Panther II points out that Re-Borne's Amended Complaint fails to incorporate by reference Count IV of the initial complaint, the only count still outstanding against Panther II. *Id.* Likewise, the Amended Complaint does not explicitly include the claim raised in Count IV of the initial complaint. Because the Amended Complaint includes only claims against Steris Corporation, Panther II argues that it should be dismissed as a defendant. Re-Borne disagrees and argues that the fault with the Amended Complaint is a drafting error and mere technicality, easily remedied by filing a Second Amended Complaint stating claims against both defendants. [R. 52.]

## II

### A

A motion to dismiss pursuant to Rule 12(b)(6) tests the sufficiency of a plaintiff's complaint. In reviewing a Rule 12(b)(6) motion, the Court "construe[s] the complaint in the light most favorable to the plaintiff, accept[s] its allegations as true, and draw[s] all inferences in

favor of the plaintiff." *DirecTV, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007) (citation omitted). The Court, however, "need not accept as true legal conclusions or unwarranted factual inferences." *Id*. (quoting *Gregory v. Shelby County*, 220 F.3d 433, 446 (6th Cir. 2000)). The Supreme Court explained that in order "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). See also *Courier v. Alcoa Wheel & Forged Products*, 577 F.3d 625, 629 (6th Cir. 2009).

**B**

Amendments to pleadings are governed by Federal Rule of Civil Procedure 15, which provides that even if the party does not seek the amendment within the of-right period, the court may give leave to permit such an amendment and should "freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). The United States Supreme Court has read this provision broadly, and the Sixth Circuit has recognized that "where the underlying facts would support, a motion for leave to amend should be granted, except in cases of undue delay, undue prejudice to the opposing party, bad faith, dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, or futility." *Duggins v. Steak'n Shake, Inc.*, 195 F.3d 828 (6th Cir. 1999) (citing *Foman v. Davis*, 371 U.S. 178 (1962)). "A proposed amendment is futile if the amendment could not withstand a Rule 12(b)(6) motion to dismiss." *Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 420 (6th Cir. 2000). Furthermore, "[n]otice and substantial prejudice to the opposing party are critical factors in determining whether an amendment should be granted." *Wade v. Knoxville Utilities Bd.*, 259 F.3d 452, 458-59 (6th Cir. 2001) (quoting other

3

sources). Finally, Federal Rule of Civil Procedure 8 requires that pleadings be construed so as to do justice. Fed. R. Civ. P. 8(e).

**1**

Panther contends that it should be dismissed as a defendant because Re-Borne's Amended complaint does not include claims against Panther, only Steris. [R. 48.] Panther argues that "the Amended Complaint rendered the Complaint a nullity, void" and so the Court should not look at the contents of Re-Borne's original complaint at all. But Re-Borne argues that to dismiss Panther now would constitute "a miscarriage of justice and would violate the spirit of FRCP 8(e) and 12(b)(6)." [R. 52 at 3.] The Court is inclined to agree with Re-Borne.

A fair reading of Re-Borne's Motion for Leave to File Amended Complaint [R. 38] makes it clear that Re-Borne's only intention was to assert claims against Steris in addition to the claim pending against Panther. It is true that the Amended Complaint does not explicitly reference the specific portions of the Complaint that establish the Carmack Amendment claim. However, Re-Borne's motion stated that Re-Borne intended "to *add* claims against Third Party Defendant Steris Corporation." [R. 38.] In addition, Re-Borne named Panther as a party in its Amended Complaint, and in its prayer for relief requested "Judgment against the Defendant Panther II Transportation Inc. d/b/a Panther Premium Logistics on all claims asserted in the Complaint." *Id.* at 4. To be clear, this is sloppy drafting. But Re-Borne's intent was clear despite unclear drafting, and the Court agrees with Re-Borne that to dismiss Panther now, on this technicality, would not be construing the pleading "so as to do justice." Fed. R. Civ. P. 8(e). Accordingly, Panther's Motion to Dismiss [R. 48] is DENIED.

Panther further contends Re-Borne should not be allowed to file its Second Amended Complaint. [R. 54.] Panther argues that the complaint causes undue delay, because "Re-Borne has known for over two years who the relevant parties are. Yet, it waited over a year to assert claims against Steris (and only after Panther did so). . . ." [R. 54.] Panther also argues that Re-Borne's Motion for Leave should be denied because the "Second Amended Complaint does not actually make short plain statements showing that Re-Borne is entitled to relief, as required by Rule 8." *Id.*

Panther's points are not without merit; nevertheless, the Court will allow Re-Borne to file its Second Amended Complaint. First, filing the Second Amended Complaint will not cause undue delay. Panther points out that it has been over two years since Re-Borne initiated this action, but that is an argument against the timeliness of the Amended Complaint, not this Second Amended Complaint. Obviously, the Court has already granted Re-Borne's motion for leave to file its Amended Complaint. The Second Amended Complaint would only serve to consolidate the claims against Panther and Steris into one pleading. For the same reasons, it cannot be said that Re-Borne is attempting to file this Second Amended Complaint for any reason of "bad faith" or "dilatory motive." *Duggins*, 195 F.3d at 834. Likewise it should not be disallowed for futility, because it simply realleges a claim from the first Complaint which has already withstood the scrutiny of a Motion to Dismiss. [R. 9.]

Furthermore, Panther is not unduly prejudiced by the Second Amended Complaint. Just as "Re-Borne has known for over two years who the relevant parties are," so has Panther. [R. 48.] Panther is the original defendant in this action and has known about Re-Borne's claim against it since day one. Panther complains that Re-Borne's habit of incorporating by reference

large swaths of text from its previous complaints into its amended complaints is confusing, and it is right[1]. However, the "short and plain" requirement of Rule 8 exists to provide "the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). This Re-Borne has done. Panther could not honestly have thought that Re-Borne intended, by way of its Amended Complaint, to dismiss its last remaining claim against Panther entirely. The Second Amended Complaint adds nothing new; it merely consolidates its causes of action against the defendants in one pleading.

### 3

As a final matter, Panther asks the Court to bar Re-Borne from filing any future amended complaints. [R. 54.] The Court declines. Any future motions for leave will be assessed according to the standard set forth Rule 15, "except in cases of undue delay, undue prejudice to the opposing party, bad faith, dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, or futility." *See* Fed. R. Civ. P. 15; *Duggins v. Steak'n Shake, Inc.*, 195 F.3d 828 (6th Cir. 1999) (citing *Foman v. Davis*, 371 U.S. 178 (1962)).

### III

Accordingly, and the Court being sufficiently advised, it is hereby **ORDERED** as follows:

1. Defendant's Motion to Dismiss **[R. 48]** is **DENIED**;

2. Plaintiff's Motion for Leave to File Second Amended Complaint [**R. 53**] is **GRANTED**;

---

[1] In the future, the Court would advise Re-Borne to copy and paste existing allegations into its Amended Complaints, and revise as necessary. Re-Borne's current method of incorporating by reference large portions of previously filed pleadings encourages errors, as evidenced by this Motion to Dismiss.

3. The Clerk of Court **SHALL FILE** Plaintiff's Amended Complaint [**R. 53-1**] as Plaintiff's Second Amended Complaint;

4. Because the Second Amended Complaint merely consolidates Plaintiff's claims against the Defendant and Third-Party Defendant into one pleading, the Defendant and Third-Party Defendant need not file an Answer to the Second Amended Complaint. The Court will treat their Answers to the Complaint and Amended Complaint, respectively, as Answers to the claims stated in the Second Amended Complaint.

This the 26th day of March, 2019.

Gregory F. Van Tatenhove
United States District Judge